UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| JOHN REINTS, | ) | CIV. 13-0543-JLV |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| CITY OF RAPID CITY, SOUTH DAKOTA; | ) | |
| TRAVELERS INSURANCE COMPANIES, | ) | |
| INC; JASON GREEN, individually & in his | ) | ORDER |
| official capacity; BRAD SOLON, | ) | |
| individually & in his official capacity; | ) | |
| JOEL LANDEEN, individually & in his | ) | |
| official capacity; WADE NYBERG, | ) | |
| individually & in his official capacity; | ) | |
| ANDY CHLEBECK, individually & in his | ) | |
| official capacity; RON SASSO, individually | ) | |
| and in his official capacity; | ) | |
| JANE DOE, aka "CHRISTINE O'BRIEN," | ) | |
| individually; KEITH L'ESPERANCE, | ) | |
| individually & in his official capacity; | ) | |
| JIM SHAW, in his former official capacity; | ) | |
| ALAN HANKS, in his former official | ) | |
| capacity; SAM KOOIKER, in his official | ) | |
| capacity; BONNY PETERSON, in her | ) | |
| official capacity; DAVE DAVIS, in his | ) | |
| official capacity; JERRY WRIGHT, in his | ) | |
| official capacity; GARY BROWN, in his | ) | |
| official capacity; CHARITY DOYLE, in her | ) | |
| official capacity; STEVE LAURENTI, in his | ) | |
| official capacity; RITCHIE NORDSTROM, | ) | |
| in his official capacity; JORDON MASON, | ) | |
| in his official capacity; | ) | |
| JOHN ROBERTS, in his official capacity; | ) | |
| PAULINE SUMPTON, in her official | ) | |
| capacity; JANE DOE, aka "CONNIE," | ) | |
| in her official capacity; GARY GARNER, | ) | |
| in his official capacity; BARB GARCIA, | ) | |
| in her official capacity; JEFF BARBIER, | ) | |

in his official capacity;                                )
BRETT LIMBAUGH, in his official                          )
capacity; JANE & JOHN DOES 3-25,                         )
individually & in their official capacities;             )
                                                         )
                    Defendants.                          )

## INTRODUCTION

On June 7, 2013, plaintiff John Reints, appearing *pro se*, filed a multiple count complaint against the defendants.  (Docket 1).  On October 17, 2013, defendant Travelers Insurance Companies, Inc., ("Travelers Insurance"), filed a motion to dismiss because no company by that name exists.  (Docket 12).  The Travelers Companies, Inc., ("The Travelers Companies"), which has not been served with the summons and complaint and which is not a defendant, joined in the motion on the basis the complaint fails to state a claim upon which relief can be granted.  Id.  Mr. Reints opposes The Travelers Companies' motion to dismiss.  (Docket 25).

On October 24, 2013, defendant City of Rapid City ("City") and a number of defendants designated as the "Specially Appearing Defendants" filed a motion to dismiss for insufficiency of service of process.  (Dockets 15 & 17).  Mr. Reints opposes the motions.  (Dockets 28 & 30).  The same day, a number of defendants designated as "Official Capacity Defendants" filed a motion to dismiss the claims against them in their official capacity.  (Docket 20).  Mr. Reints filed a response agreeing to dismiss claims against all defendants in their official capacity, while preserving claims against certain defendants in their individual capacity.  (Docket 29).

On November 5, 2013, Mr. Reints filed a motion for an extension of time to perfect service of process on a number of defendants. (Docket 23). Those defendants are designated as the "Individual Capacity Defendants," the City, and Jane Doe, a/k/a Christine O'Brien ("Ms. O'Brien"). (Docket 23 at p. 2). The Travelers Companies, City, and Individual Capacity Defendants oppose the motion. (Dockets 32 & 33).

On December 1, 2013, Mr. Reints filed a motion for leave to correct misnomer. (Docket 34). The Travelers Companies oppose the motion. (Docket 38).

On January 14, 2014, while the above motions were pending, Mr. Reints filed a motion for leave to file an amended complaint. (Docket 42). The proposed amended complaint accompanied the motion. (Docket 42-1). The Travelers Companies, City, and Specially Appearing Defendants oppose the motion. (Dockets 43 & 45). Mr. Reints also filed a motion for a hearing on all pending motions. (Docket 40).

For the reasons stated below, The Travelers Companies' motion to dismiss (Docket 12) is granted; the City's motion to dismiss on the basis of insufficiency of service of process (Docket 15) is denied; the Specially Appearing Defendants' motion to dismiss for insufficiency of service of process (Docket 17) is denied; the Official Capacity Defendants' motion to dismiss claims against these defendants in their official capacity (Docket 20) is granted; plaintiff's

motion for an extension of time to perfect service of process (Dockets 23) is granted in part and denied in part; plaintiff's motion for leave to correct misnomer (Docket 34) is denied as moot; plaintiff's motion for leave to file an amended complaint (Docket 42) is granted in part and denied in part; and plaintiff's motion for a hearing (Docket 40) is denied as moot.

## STANDARD OF REVIEW

A *pro se* complaint must be liberally construed.  "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleading drafted by lawyers and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Estelle v. Gamble, 429 U.S. 97, 106 (1976) (internal citations and quotation marks omitted).  *Pro se* pleadings are to be construed liberally, but *pro se* litigants are still expected to comply with procedural and substantive law.  Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984).  "While a court generally affords *pro se* filings a liberal construction, a litigant's *pro se* status does not excuse him from reading the Federal Rules of Civil Procedure."  Jiricko v. Moser & Marsalek, P.C., 184 F.R.D. 611, 615 (E.D. Mo. 1999), aff'd, 187 F.3d 641 (8th Cir. 1999) (referencing McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

4

"[P]ro se litigants must set [a claim] forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law." Stringer v. St. James R-1 Sch. Dist., 446 F.3d 799, 802 (8th Cir. 2006). "A *pro se* [complaint] should be 'interpreted liberally and . . . should be construed to encompass any allegation stating federal relief.' " Bracken v. Dormire, 247 F.3d 699, 704 (8th Cir. 2001) (citing White v. Wyrick, 530 F.2d 818, 819 (8th Cir.1976)). "A remedial interpretation of this kind often involves supplying legal or factual statements that the [complaint] should contain, or relaxing the rule that requires such statements, where it reasonably appears that they were omitted merely for lack of legal know-how." Id.

"(A) complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Fusco v. Xerox Corp., 676 F.2d 332, 334 (8th Cir. 1982) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote omitted)). "Where the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." Benton v. Merrill Lynch & Co., Inc., 524 F.3d 866, 870 (8th Cir. 2008).

## DISCUSSION

**THE COMPLAINT**

Plaintiff's complaint is forty-four pages in length, contains numerous conclusory statements of law, and far exceeds the boundaries contemplated by Fed. R. Civ. P. 8(a)(2).[1]  (Docket 1).  From the complaint, the court identifies the following claims:

1. The City has an unconstitutional abatement public nuisance ordinance which its employees carry out in an unconstitutional manner;

2. The City and its employees carried out the public nuisance ordinance in an unequal and unfair manner when comparing plaintiff to other members of the community;

3. The City unconstitutionally and unlawfully removed a tree, vehicle, weeds, snow and ice, and other items of plaintiff's personal property;

4. Joel Landeen of the City Attorney's Office unconstitutionally brought criminal proceedings against plaintiff for failure to abate a public nuisance;

5. The City unconstitutionally and unlawfully placed assessments against plaintiff's real property under its public nuisance ordinance; and

6. The City, through its employees, engaged in a civil conspiracy with Ms. O'Brien of Travelers Insurance to obstruct plaintiff's rights of

---

[1]Under Rule 8(a)(2), a "pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The purpose of this Rule is to give a defendant fair notice of plaintiff's claims and the grounds upon which those claims rest.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

free speech and access to redress of his complaints against the
City and its employees.

(Docket 1).  Mr. Reints alleges the defendants violated his rights under the

First, Fifth, and Fourteenth Amendments to the United States Constitution,

42 U.S.C. § 1983, the corresponding sections of the South Dakota

Constitution, and state law.  Id.  Mr. Reints seeks compensatory damages,

punitive damages, and equitable relief.  Id. at p. 44.

## THE TRAVELERS COMPANIES

The Travelers Companies filed a motion to dismiss the complaint on two

grounds:

1.  No company by the name of "Travelers Insurance
    Companies, Inc.," exists; and

2.  Even if the claim is against The Travelers Companies,
    the complaint fails to state a claim upon which relief
    can be granted.

(Docket 12).  The motion is supported by defense counsel's corporate disclosure

statement under Fed. R. Civ. P. 7.1(a)(2).  (Docket 22).  In an affidavit in

support of the motion to dismiss, the Deputy Corporate Secretary of The

Travelers Companies states:

1.  The Travelers Companies . . . is a holding company
    organized under the laws of the state of Minnesota.
    (Docket 14 at ¶ 3);

2.  The Travelers Companies . . . does not underwrite, sell or
    provide insurance, nor does it adjust insurance claims.
    Id. at ¶ 4;

3.      St. Paul Fire and Marine Insurance Company ("St. Paul") is a subsidiary of The Travelers Companies . . . . <u>Id.</u> at ¶ 7;

4.      St. Paul issued the policy [to the City, Exhibit A (Docket 14-1)] . . . . <u>Id.</u> at ¶ 8;

5.      Any investigation on the part of claim adjusters with respect to any claim under said policy was made on behalf of St. Paul. <u>Id.</u> at ¶ 9; and

6.      St. Paul remains liable for any claims determined to be due on any policy issued . . . as a result of litigation arising out of such policies, and can satisfy any obligations under the subject policy, if required by this Court. <u>Id.</u> at ¶ 10.

The Travelers Companies moves to dismiss plaintiff's complaint under Fed. R. Civ. P. 12(b).  (Docket 12 at p. 2).  Rule 12 provides in part:

(b)      . . . a party may assert the following defenses by motion:

(1)      lack of subject-matter jurisdiction;
        . . . .
(6)      failure to state a claim upon which relief can be granted . . . .

A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed. . . . No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion.

Fed. R. Civ. P. 12(b)(1) & (6).

"In order to properly dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments." <u>Titus v. Sullivan</u>, 4 F.3d 590, 593 (8th Cir. 1993) (internal citation omitted).  "In a facial challenge to jurisdiction,

8

all of the factual allegations concerning jurisdiction are presumed to be true and the motion [to dismiss] is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction." Id. (internal citation omitted).  While considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the court must "accept all factual allegations in the pleadings as true and view them in the light most favorable to the nonmoving party." Great Rivers Habitat Alliance v. Federal Emergency Management Agency, 615 F.3d 985, 988 (8th Cir. 2010).  "The burden of proving federal jurisdiction, however, is on the party seeking to establish it, and this burden may not be shifted to the other party." Id. (internal quotation marks and brackets omitted).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (internal citations, quotation marks and brackets omitted).  The "plausibility standard" at the pleading stage requires a showing greater than the mere possibility of misconduct yet less than the probability of misconduct.  Id. at 556-58.  To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state

a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 570) (other internal citation omitted).  The Court in Iqbal expounded on the "plausibility standard" articulated in Twombly:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " . . .
>
> [T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions . . . . [O]nly a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"—"that the pleader is entitled to relief."

556 U.S. at 678-79 (internal citations omitted).  See also Taxi Connection v. Dakota, Minnesota & E. R. R. Corp., 513 F.3d 823, 826 (8th Cir. 2008) ("In

analyzing a 12(b)(6) motion, this court assumes all factual allegations in the complaint are true, but the complaint must contain sufficient facts, as opposed to mere conclusions, to satisfy the legal requirements of the claim to avoid dismissal.") (internal quotation marks omitted).  "A motion to dismiss should be granted if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief."  Id.

Mr. Reints' complaint must be dismissed for lack of subject matter jurisdiction and because it fails to state a claim upon which relief can be granted against The Travelers Companies.  The court is not required to state findings of fact or conclusions of law when ruling on a Rule 12 motion.  Fed. R. Civ. P. 52(a)(3).  However, in fairness to the parties, the court will set forth its reasons for granting The Travelers Companies' motion to dismiss.

For purposes of evaluating defendant's motion, the court will assume all factual allegations in plaintiff's complaint are true.  The facts related to The Travelers Companies' motion to dismiss are as follows:

> Christine O'Brien, in her first contact with Reints, by email, told Reints not to discuss the matters of harm done him and his claims with anyone but her.  (Docket 1 at ¶ 119);

> Her statement was clearly intended to intimidate and isolate Reints, and to prevent him from seeking or benefiting [sic] from legal counsel or exercising his First Amendment rights in relation to his treatment by the City and the conspiring City officers and agents.  Id.;

> O'Brien joined in the conspiracy to chill and prevent the exercise of Reints' First Amendment rights and to punish and retaliate against Reints for his attempts to exercise said rights.  Id. at ¶ 120; and

11

> O'Brien acted in a fully-adversary manner, and in violation of SDCL § 58-33-67(1) and other provisions of SDCL § 58, in refusing to answer Reints' reasonable questions, in her contacts with Reints generally, in falsely telling the City Risk Manager that Reints had refused communication with her, and in reporting to the City that Reints' claims had no basis. Id. at ¶ 123.

In essence, plaintiff alleges Keith L'Esperance, as risk manager for the City, and Ms. O'Brien, as a claims adjuster for The Travelers Companies, engaged in a civil conspiracy to violate Mr. Reints' First Amendment rights.

"To prove a § 1983 conspiracy claim against a particular defendant, the plaintiff must show: that the defendant conspired with others to deprive him . . . of a constitutional right; that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and that the overt act injured the plaintiff." Askew v. Millerd, 191 F.3d 953, 957 (8th Cir. 1999). "In order to prove the existence of a civil rights conspiracy under § 1985(3), the [plaintiff] must prove: (1) that the defendants did 'conspire,' (2) 'for the purpose of depriving, either directly or indirectly, any person . . . of equal protection of the laws, or equal privileges and immunities under the laws,' (3) that one or more of the conspirators did, or caused to be done, 'any act in furtherance of the object of the conspiracy,' and (4) that another person was 'injured in his person or property or deprived of having and exercising any right or privilege of a citizen of the United States.' " Larson by Larson v. Miller, 76 F.3d 1446, 1454 (8th Cir. 1996) (citing 42 U.S.C. § 1985(3)).

"To plead conspiracy, a complaint must allege specific facts suggesting that there was a mutual understanding among the conspirators to take actions directed toward an unconstitutional end." Duvall v. Sharp, 905 F.2d 1188, 1189 (8th Cir. 1990).  "[T]he plaintiff is additionally required to prove a deprivation of a constitutional right or privilege in order to prevail on a § 1983 civil conspiracy claim." Askew, 191 F.3d at 957.  "[I]t remains necessary to prove an actual deprivation of a constitutional right; a conspiracy to deprive is insufficient . . . [w]ithout a deprivation of a constitutional right or privilege, [the defendant] has no liability under § 1983." Id. (citing Villanueva v. McInnis, 723 F.2d 414, 416 (5th Cir. 1984)).

Even if the court assumes Mr. L'Esperance and Ms. O'Brien conspired with each other, there was no constitutional right violated in their relationship with Mr. Reints.  All the two defendants did was instruct the Mayor, City Council members, and the City's staff to not discuss Mr. Reints' claim, or resolution of any claim, with him.  Rather, that task should be left to Ms. O'Brien as the claims representative of the insurance company providing coverage to the City.[2]  Regardless of how Mr. Reints perceives this directive,

---

[2]St. Paul issued policy number GP06301538 to the City for the time period beginning January 1, 2010, and ending January 1, 2011.  (Docket 42-1).  This company is a subsidiary of The Travelers Companies.  (Docket 42 at ¶ 7).

13

there is no First Amendment right involved.[3]  There is no unconstitutional conduct in a risk manager and a claims adjuster directing an insured, its elected officials, and its staff to not engage in any discussion with a claimant about the substance of a potential claim.

Before resolving The Travelers Companies' motion to dismiss, the court must address two additional matters.  First, Mr. Reints seeks to correct his initial error in identification through the motion to correct a misnomer. (Docket 34).  The Travelers Companies argue the motion is futile because the complaint fails to state a claim against The Travelers Companies.  (Docket 38 at p. 2).  Additionally, Mr. Reints moves to file an amended complaint.  (Docket 42).  The Travelers Companies resist permitting the filing of an amended complaint for the reasons stated in its motion to dismiss.  (Docket 43).

Motions to amend pleadings are governed by Fed. R. Civ. P. 15.  The rule provides "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Leave to amend pleadings should be denied only "in those limited circumstances in which

---

[3]Mr. Reints also alleges Ms. O'Brien violated SDCL § 58-33-67(1). (Dockets 1 at ¶ 123; 24 at p. 7).  That section prohibits unfair or deceptive practices by an insurance company when dealing with its insured.  The South Dakota Division of Insurance establishes the remedy for a violation of § 58-33-67.  See SDCL § 58-33-68.  There is no "private right of action[]" granted to Mr. Reints.  SDCL § 58-33-69.

undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated." <u>Roberson v. Hayti Police Department</u>, 241 F.3d 992, 995 (8th Cir. 2001) (internal citations omitted).  "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, [he] ought to be afforded an opportunity to test [his] claim on the merits." <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962).  "[A] motion to amend should be denied on the merits 'only if it asserts clearly frivolous claims or defenses.' " <u>Becker v. University of Nebraska at Omaha</u>, 191 F.3d 904, 908 (8th Cir. 1999) (citing <u>Gamma-10 Plastics, Inc. v. American President Lines, Ltd.</u>, 32 F.3d 1244, 1255 (8th Cir. 1994)).  "Futility is a valid basis for denying leave to amend." <u>United States ex rel. Roop v. Hypoguard USA, Inc.</u>, 559 F.3d 818, 822 (8th Cir. 2009).

The proposed amended complaint identifies Ms. O'Brien as a representative of The Travelers Companies.  (Docket 42-1 at ¶ 117).  However, the essence of plaintiff's claim against The Travelers Companies is the same claim asserted in the original complaint.  <u>Compare</u> Docket 42 at ¶¶ 115-126 to Docket 42-1 at ¶¶ 117-128.  The allegations in the proposed amended complaint are the same allegations which the court concluded as a matter of law do not state a claim upon which relief can be granted.  As it relates to The Travelers Companies, plaintiff's amendment would be futile because the claimed "facts or circumstances relied upon by [the] plaintiff [are not] a proper subject of relief . . . ." <u>Foman</u>, 371 U.S. at 182.

15

The Travelers Companies' motion to dismiss (Docket 12) is granted. Plaintiff's motion to correct a misnomer (Docket 34) is denied as moot. Plaintiff's motion to file an amended complaint (Docket 42), as that motion relates to The Travelers Companies, is denied.

**INSUFFICIENCY OF PROCESS MOTIONS**

The City and Specially Appearing Defendants filed motions to dismiss the complaint on the basis of insufficiency of service of process. (Dockets 15 & 17). Mr. Reints opposes the motions. (Dockets 28 & 30). In addition, Mr. Reints filed a motion for an extension of time to perfect service of process on a number of defendants. (Docket 23). Those defendants are the Individual Capacity Defendants, the City, and Jane Doe, a/k/a Christine O'Brien ("Ms. O'Brien"). (Docket 23 at p. 2). The City and the Individual Capacity Defendants oppose plaintiff's motion for an extension of time to perfect service. (Dockets 32 & 33).

As a *pro se* litigant, Mr. Reints is expected to comply with procedural and substantive law. Burgs, 745 F.2d at 528. "While a court generally affords *pro se* filings a liberal construction, a litigant's *pro se* status does not excuse him from reading the Federal Rules of Civil Procedure." Jiricko, 184 F.R.D. at 615 (referencing McNeil, 508 U.S. at 113 ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.")).

Plaintiff's complaint was filed on June 7, 2013.  (Docket 1).  Fed. R. Civ. P. 4(m) requires a plaintiff to serve all defendants with the summons and complaint within 120 days of the filing of the complaint.

> Time Limit for Service.  If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period . . . .

Fed R. Civ. P. 4(m).  Under Rule 4(m), Mr. Reints had until October 7, 2013, to perfect service of process on all of the defendants.[4]

Fed. R. Civ. P. 4(j) requires that a municipal corporation, such as the City, "be served by: (A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons . . . on such a defendant." Fed. R. Civ. P. 4(j)(A) & (B).  The mayor "is the chief executive officer of the municipality."  Schlimgen v. City of Rapid City, 83 F. Supp. 2d 1061, 1067 (D.S.D. 2000) (citing SDCL § 9–8–1) ("The chief executive officer of a municipality under the aldermanic form shall be a mayor.").  Under South Dakota law, service of process is complete if served "upon the mayor or any alderman or commissioner . . . ."  SDCL § 15-6-4(d)(2)(ii).

---

[4]Because the 120th day fell on October 5, 2013, a Saturday, Mr. Reints was required to complete service by the following Monday, October 7, 2013. See Fed. R. Civ. P. 6(a)(1)(C).

Rule 4(e) dictates the procedure for service of process on an individual:

Unless federal law provides otherwise, an individual--other than . . . a person whose waiver has been filed--may be served in a judicial district of the United States by:

(1)     following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2)     doing any of the following:

(A)     delivering a copy of the summons and of the complaint to the individual personally;

(B)     leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C)     delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(1) & (2).  South Dakota requires service of process on an individual "personally . . . ."  SDCL § 15-6-4(d)(8).  Alternately, "[i]f the defendant cannot be found conveniently, service may be made by leaving a copy at his dwelling house in the presence of a member of his family over the age of fourteen years or if the defendant resides in the family of another, with a member of such age of the family with which he resides."  SDCL § 15-6-4(e).

18

On September 28, 2013, summonses were issued by the Clerk of Court directed to the following defendants:[5]

1.   The City of Rapid City;
2.   Andey Chlebeck;
3.   Brad Solon;
4.   Joel Landeen;
5.   Wade Nyberg;
6.   Ron Sasso;
7.   Keith L'Esperance; and
8.   Jason Green.

(Docket 7 at pp. 9-10, 1-2, 13-14, 19-20, 27-28, 31-32, 37-38 & 49-50).  Each summons was issued in the name of the individual and directed to the attention of "Mr. Joel Landeen, Attorney for the City of Rapid City & [named individual]."  Id.

The certificates of service reflect service on each of the named individuals and the City on October 3, 2013, by personal delivery of the summons and complaint upon "Rapid City Attorney Joel Landeen . . . ."  (Docket 9 at pp. 3, 9, 12, 14, 20, 26 & 27).  Copies of the summons and complaint were served on October 3, 2013, on "Sam Kooiker, Mayor of Rapid City" and the "City of Rapid City" by delivery through "Rapid City Attorney Joel Landeen . . . ."  (Docket 9 at pp. 18 & 22).

---

[5]Mr. Rients agreed with the defendants that a number of defendants sued in their official capacities could be dismissed from this litigation. (Dockets 20 & 29).  Only those remaining defendants sued in their individual capacities are addressed in these motions.

It is undisputed Sam Kooiker was the mayor at the time Mr. Reints commenced this litigation.  Therefore, service upon Mayor Kooiker would have satisfied the requirements of Rule 4(j)(A).  However, at Mr. Reints' request and direction, the summons and complaint directed to Mayor Sam Kooiker were served on Mr. Landeen, as City attorney.  (Docket 9 at p. 18).  Service on Mr. Landeen[6] does not satisfy either Rule 4(j)(A) or (B) as service on the City.

In his defense and in support of his motion for an extension of time to perfect service (Docket 23), Mr. Reints counters that he provided each of the defendants with a notice of lawsuit and request for waiver of service of process to avoid unnecessary expense under Fed. R. Civ. P. 4(d)(1)(D).  (Docket 23 at p. 3).  That portion of Rule 4 provides in part:

> (d)    Waiving Service.
>
> (1)    Requesting a Waiver. An individual [or] corporation . . . subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons. The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons. The notice and request must:
>
> (A)    be in writing and be addressed:
>
> (i)    to the individual defendant; or

---

[6]Mr. Landeen was personally served in his individual capacity as required by Rule 4(e)(2)(A), so he has not joined in defendants' motion.  (Docket 9 at pp. 27-28).

> (ii)    for a defendant subject to service under Rule 4(h), to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process;
>
> (B)    name the court where the complaint was filed;
>
> (C)    be accompanied by a copy of the complaint, two copies of a waiver form, and a prepaid means for returning the form;
>
> (D)    inform the defendant, using text prescribed in Form 5, of the consequences of waiving and not waiving service;
>
> (E)    state the date when the request is sent;
>
> (F)    give the defendant a reasonable time of at least 30 days after the request was sent . . . to return the waiver; and
>
> (G)    be sent by first-class mail or other reliable means.

Fed. R. Civ. P. 4(d).

Mr. Reints asserts on September 8, 2013, he sent "Rule 4 'Notice(s) of a Lawsuit and Request to Waive Service of Summons' to Joel Landeen (for himself, for the City of Rapid City and for the individual City employee Defendants) . . . ." (Docket 23 at p. 3).  The "notice[s] were sent via USPS Priority Mail and [were] delivered [to Mr. Landeen] on September 11, 2013 . . . ."  Id.  "None of the Defendants to whom waiver requests were sent waived

21

service of summons." Id.  Process as to each of the defendants was then served on City Attorney Landeen on October 3, 2013.  Id.; see also Docket 9 at pp. 3, 9, 12, 14, 18, 20, 22, 26 & 27.  Service on City Attorney Landeen does not perfect service of process on the individual defendants under Rule 4(e), SDCL § 15-6-4(d), or SDCL § 15-6-4(e).

Mr. Reints argues these "defects in service were not mere inadvertence or casual mistake . . . but born of confused memory of the first lawsuit Reints ever filed against anyone." (Docket 23 at pp. 4-5)  In a previous case, "Reints was sternly reprimanded by Seventh Circuit Judge John Delaney for having caused a constable to personally serve the Rapid City Police Officer, after the City Attorney had appeared at a hearing on behalf of the City and the officer." Id. at p. 5.  Mr. Reints believes the lesson learned from that reprimand was "that he must not serve the City or City employees and officers except through the City Attorney."  Id.  Mr. Reints "asserts that his diligence in notifying defendants of his imminent lawsuit, his diligence and timeliness in service on defendants albeit defective or probably defective, the contribution of an undiagnosed and untreated medical condition[7] to his confusion about the correctness of service on the City and all City parties by service on the City

---

[7]Mr. Reints submitted an affidavit indicating he was diagnosed on October 23, 2013, with hypothyroidism and was prescribed levothyroxin, which enhanced his mental functioning.  (Docket 23-1 at ¶¶ 8-9).  The diagnosis and prescription are confirmed by Dr. Everson's letter of November 10, 2013. (Docket 27-1).

Attorney, the fact that no defendant has been prejudiced in his or her ability to defend, . . . considered together, constitute good cause for extension of time to perfect service on these parties." Id.

The City and Specially Appearing Defendants oppose Mr. Reints' motion for an extension of time. (Docket 33). They argue Mr. Reints has not shown good cause or excusable neglect for failing to timely serve these defendants as required by Rule 4(m). Id. at pp. 5-9.

"[U]nder Rule 4(m), if the district court concludes there is good cause for plaintiff's failure to serve within 120 days, it *shall* extend the time for service. If plaintiff fails to show good cause, the court still *may* extend the time for service rather than dismiss the case without prejudice. . . . To warrant a discretionary extension, the plaintiff must establish excusable neglect." Kurka v. Iowa County, Iowa, 628 F.3d 953, 957 (8th Cir. 2010) (internal citations omitted) (italics in original). "Rule 4(m) does not define good cause, and courts have not given conclusive meaning to the phrase." Id. "[G]ood cause is likely (but not always) to be found when . . . the plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstances, or . . . the plaintiff is proceeding pro se or in forma pauperis." Id. (citing Wright & Miller, *Federal Practice and Procedure* § 1137 (3d ed. 2002) (other citation omitted). "Under Rule 4(m), the district court must determine whether good cause exists for the plaintiff's failure to serve the defendant within the 120-day

deadline, not whether good cause exists for an extension of time to complete service.  In determining whether good cause exists, the district court must focus primarily on the plaintiff's reasons for not complying with the time limit in the first place." Id. at 958 (internal quotation marks and citation omitted).

The court finds that Mr. Reints, appearing *pro se*, did not act promptly following the filing his complaint in June 2013.  However, under a mistaken belief after his earlier state court experience, he sent Rule 4 notices and requests to waive service on September 8, 2013, to the defendants through the City Attorney.  When waivers were not forthcoming, Mr. Reints obtained summonses from the Clerk on September 28, 2013, and sought to complete service of process through the City Attorney.  This was well before the Rule 4(m) 120-day deadline of October 7, 2013.  Mr. Reints' mistake of the law, based on his earlier reprimand from a state court judge, was made in good faith and constitutes excusable neglect and good cause for granting relief. After defendants filed their motion to dismiss for failure to complete service of process on October 24, 2013—after the expiration of the Rule 4(m) time frame—Mr. Reints promptly filed his motion for an extension of time to complete service on November 5, 2013.  Compare Dockets 15, 17, & Docket 23.

The court also finds defendants are not prejudiced by Mr. Reints' earlier mistakes.  The City, its employees, and attorney had full knowledge of the existence of this lawsuit since September 8, 2013.  Other than their timeliness-

of-service argument, defendants have not articulated any prejudice to them if Mr. Reints' motion is granted.  On the other hand, Mr. Reints asserts, and the defendants acknowledge, that if the court dismisses his case without prejudice instead of allowing him additional time to complete service of process, his claims would be barred by the statute of limitations.  (Dockets 23 at ¶ 14; 33 at p. 9).

Mr. Reints' efforts to serve defendants during the 120-day period, his diligence after the 120-day period had expired, the absence of prejudice to the defendants, and the "lethal effect of the statute of limitation" justify both a mandatory and discretionary extension.  Kurka, 628 F.3d at 958.

The City's motion to dismiss (Docket 12) and the Specially Appearing Defendants' motion to dismiss (Docket 17) are denied.  Mr. Reints' motion for an extension of time to complete service (Docket 23) on the City and the remaining Specially Appearing Defendants is granted.

**AMENDED COMPLAINT**

Mr. Reints filed a motion to amend the complaint.  (Docket 42).  In compliance with D.S.D. Civ. LR 15.1, Mr. Reints filed a proposed amended complaint with the appropriate editing requirements.  (Docket 42-1).  The City and Specially Appearing Defendants oppose the motion.  (Docket 45). Defendants argue the amended complaint should not be allowed for all the reasons articulated in their earlier motions.  Id. at p. 3.

25

Motions to amend pleadings are governed by Fed. R. Civ. P. 15.  That rule, as pertinent to this case, provides "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  As discussed earlier in this order, permission to file an amended complaint should be denied only in limited situations.  Those include "undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party . . . ."  Roberson, 241 F.3d at 995.  "The burden of proof of prejudice is on the party opposing the amendment."  Id.  If the facts alleged in the amended complaint may entitle Mr. Reints to relief, he should be allowed the chance to present those claims in court.  Foman, 371 U.S. at 182.

The court finds Mr. Reints filed his motion to amend in good faith and without undue delay.  The City and Specially Appearing Defendants have not met their burden of showing prejudice.

The only issue remaining is futility.  Mr. Reints' proposed amended complaint makes a claim that the City has an unconstitutional public nuisance ordinance, that the City's employees were unlawfully exercising their discretion to apply the notice provisions of that ordinance in an unconstitutional manner as applied to Mr. Reints, and that without good cause and in violation of his rights the City removed a tree and vehicle and performed activities on his property which resulted in unlawful assessments against him.  If true, these

are not frivolous claims.  <u>Becker</u>, 191 F.3d at 908.  Mr. Reints is entitled to the "opportunity to test his claim on the merits."  <u>Foman</u>, 371 U.S. 182.

For good cause shown, Mr. Reints' motion to file an amended complaint (Docket 42) is granted.

## ORDER

Based on the above analysis, it is hereby

ORDERED the The Travelers Companies' motion to dismiss (Docket 12) is granted.

IT IS FURTHER ORDERED that the City's motion to dismiss (Docket 15) is denied.

IT IS FURTHER ORDERED that the Specially Appearing Defendants' motion to dismiss (Docket 17) is denied.

IT IS FURTHER ORDERED that the motion to dismiss claims against the defendants Jason Green, Brad Solon, Joel Landeen, Wade Nyberg, Andy Chlebeck, Ron Sasso, Keith L'Esperance, Jim Shaw, Alan Hanks, Sam Kooiker, Bonny Peterson, Dave Davis, Jerry Wright, Gary Brown, Charity Doyle, Steve Laurenti, Ritchie Nordstrom, Jordan Mason, John Roberts, Pauline Sumpton, a/k/a Pauline Sumption, Jane Doe, a/k/a "Connie," Gary Garner, Barb Garcia, Jeff Barbier, and Brett Limbaugh, and Jane and John Does 3-25 in their official capacities (Docket 20) is granted.

IT IS FURTHER ORDERED that plaintiff's motion for extension of time to complete service (Docket 23) on the City and the remaining Specially Appearing Defendants is granted in part and denied in part.

IT IS FURTHER ORDERED that plaintiff's motion to correct a misnomer (Docket 34) is denied as moot.

IT IS FURTHER ORDERED that plaintiff's motion for hearing (Docket 40) is denied as moot.

IT IS FURTHER ORDERED that plaintiff's motion to file an amended complaint (Docket 42), as that motion relates to The Travelers Companies and Ms. O'Brien, is denied.

IT IS FURTHER ORDERED that plaintiff's motion to file an amended complaint (Docket 42), as that motion relates to the City and the remaining Specially Appearing Defendants and is consistent with this order, is granted.

IT IS FURTHER ORDERED that plaintiff shall file his amended complaint (Docket 42-1), as amended by and consistent with this order, on or before **October 8, 2014**.

IT IS FURTHER ORDERED that plaintiff shall deliver completed summonses to the Clerk of Court and complete service of the summonses and amended complaint, as required by Fed. R. Civ. P. 4, on the City and each of the remaining individual defendants on or before **November 7, 2014**.

Dated September 24, 2014.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE