UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| JOHN REINTS,<br><br>                Plaintiff,<br><br>  vs.<br><br>CITY OF RAPID CITY, SOUTH DAKOTA;<br>JASON GREEN, individually;<br>BRAD SOLON, individually;<br>JOEL LANDEEN, individually;<br>WADE NYBERG, individually;<br>ANDY CHLEBECK, individually,<br><br>                Defendants. | CIV. 13-5043-JLV<br><br>ORDER |

## INTRODUCTION

Plaintiff John Reints, appearing *pro se,* filed a multiple count complaint against the defendants.[1] (Docket 1). Mr. Reints filed a motion for assessment of costs pursuant to Fed. R. Civ. P. 4(d)(2)(A). (Docket 57). A former defendant, The Travelers Companies, Inc., ("Travelers") filed an objection to plaintiff's motion. (Docket 59). In addition, the defendants, City of Rapid City, Jason Green, Brad Solon, Joel Landeen, Wade Nyberg, and Andy Chlebeck, ("defendants"), as well as the former individually named defendants, oppose plaintiff's motion. (Docket 64). For the reasons stated below, Mr. Reints' motion is granted in part and denied in part.

---

[1] A number of additional defendants were dismissed from the litigation by the order of September 24, 2014. (Docket 47 at p. 27). These defendants will be identified as the "former individually named defendants."

**DISCUSSION**

Fed. R. Civ. P. 4 provides:

An individual, corporation, or association . . . has a duty to avoid unnecessary expenses of serving the summons. The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons. The notice and request must:

(A) be in writing and be addressed:

    (i) to the individual defendant; or

    (ii) for a defendant subject to service under Rule 4(h), to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process;

(B) name the court where the complaint was filed;

(C) be accompanied by a copy of the complaint, two copies of a waiver form, and a prepaid means for returning the form;

(D) inform the defendant . . . of the consequences of waiving and not waiving service;

(E) state the date when the request is sent;

(F) give the defendant a reasonable time of at least 30 days after the request was sent . . . to return the waiver; and

(G) be sent by first-class mail or other reliable means.

Fed. R. Civ. P. 4(d)(1). A defendant who "fails without good cause,[2] to sign and return a waiver . . . ." is subject to court imposition of the expenses of service.

---

[2] " 'Good cause' does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant . . . ." Attachment to Form 6 to Fed. R. Civ. P. 4.

Fed. R. Civ. P. 4(d)(2)(A).  Incorporated into Rule 4 are the forms which a plaintiff must use to seek recovery of expenses.[3]

The United States Court of Appeals for the Eighth Circuit adopted the majority position that Rule 4 must "be strictly complied with and, that, therefore, if the acknowledgment form is not returned, the formal requirements of mail service are not met and personal service must be obtained." Young v. Mt. Hawley Ins. Co., 864 F.2d 81, 82 (8th Cir. 1988) (referencing Fed. R. Civ. P. 4(c)(2)(C)(ii)).  If the "acknowledgement form is not returned" and personal service is not otherwise accomplished as required by Rule 4, personal jurisdiction of the individual or business entity is not achieved.  Gulley v. Mayo Foundation, 886 F.2d 161, 165-66 (8th Cir. 1989) (referencing Young, 864 F.2d at 82-83).

**THE TRAVELERS COMPANY**

Mr. Reints sent to "Mr. Kenneth F. Spence III, Executive Vice President and General Counsel[,] The Travelers' Companies, Inc.[,] aka Travelers Insurance Companies, Inc." a letter dated September 13, 2013.  (Dockets 58 ¶ 1 & 58-2). Attached to the letter were a "NOTICE OF LAWSUIT AND REQUEST TO WAIVE SERVICE OF SUMMONS," and two copies of a blank form captioned "WAIVER OF THE SERVICE OF SUMMONS."  (Emphasis in original).  The packet

---

[3]The forms are captioned "Rule 4 Notice of a Lawsuit and Request to Waive Service of Summons," "Rule 4 Waiver of Service of Summons," and "Duty to Avoid Unnecessary Expenses of Serving a Summons."  See Form 4, Form 6, and Attachment to Form 6 to Fed. R. Civ. P. 4.

addressed to Mr. Spence was sent by first class mail, priority mail on September 9, 2013. (Dockets 58 ¶ 1; 58-1). Travelers did not return the waiver of service form. (Docket 58 ¶ 2). Service of a summons for "Travelers Insurance Companies, Inc." was accomplished on September 27, 2013. (Docket 9 at p. 28). Mr. Reints seeks recovery of $5.60 for the priority mail cost and $85 for the service of process fee for a total of $90.60. (Docket 58 ¶ 2).

Travelers' objections to the assessment of costs are summarized as follows:

1. Mr. Reints is not a prevailing party to be awarded costs of litigation;

2. Travelers was never served with the summons and complaint;

3. Travelers never actually received the summons and complaint and waiver by mail;

4. Mr. Reints has not proven he provided the required prepaid postage for returning the waiver.

(Docket 59). The court addresses Travelers' objections separately.

<u>MR. REINTS IS NOT A PREVAILING PARTY</u>

Travelers argues that to be entitled to recovery of "an award of litigation costs" Mr. Reints "must be a prevailing or successful party . . . ." (Docket 59 at p. 1 (referencing <u>Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and Human Resources</u>, 532 U.S. 598 (2001) and Fed. R. Civ. P. 54(d)). Travelers concludes "[b]ecause Mr. Reints is not a prevailing party, he has no basis for a request for costs." <u>Id.</u>

<u>Buckhannon Board and Care Home</u> did not address the purpose of or apply Rule 4(d). It focused on which party was a prevailing party under the Fair

4

Housing Amendments Act of 1988, 42 U.S.C. § 3601 *et seq.*, and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12011 *et seq.*, to consider an award of attorneys' fees and costs. Buckhannon Board and Care Home, 532 U.S. at 601. Fed. R. Civ. P. 54(d) addresses an award of costs to the prevailing party in whose favor a judgment is entered. Neither of Travelers' references are relevant to plaintiff's motion.

"[T]he commentary to Rule 4(d) makes abundantly clear that a defendant's duty to avoid unnecessary costs of service is not related to the merits of the underlying case." Double "S" Truck Line, Inc. v. Frozen Food Express, 171 F.R.D. 251, 253 (D. Minn. 1997) (citing Premier Bank, National Association v. Ward, 129 F.R.D. 500, 502 (M.D. La.1990) (quoting H.R. 7154, 97th Cong., 2d Sess., Section 2, at 8) (internal quotation markets and bracketing omitted). The purpose of Rule 4(d)(2) "is to encourage the prompt return of the form so that the action can move forward without unnecessary delay, and fairness requires that a person who causes another additional and unnecessary expense in effecting service ought to reimburse the party who was forced to bear the additional expense." Id.

"Rule 4(d) is not tied to [Fed. R. Civ. P.] 54. To the contrary, it is simply a defendant's failure to comply with a plaintiff's request for waiver that triggers the plaintiff's entitlement to reimbursement of costs and reasonable fees under Rule 4(d)." Butler v. Crosby, No. 3:04CV917-J-32MMH, 2005 WL 3970740, at *4 (M.D. Fla. June 24, 2005) (referencing Estate of Darulis v. Garate, 401 F.3d

1060, 1063-4 (9th Cir. 2005) (finding no "interplay between Rules 4(d)(2) and 54(d)(1)"); and Double "S" Truck Line, 171 F.R.D. at 253). "A plaintiff may recover expenses pursuant to Rule 4(d)(2) even if he does not ultimately prevail in the action." Royal Travel, Inc. v. Shell Management Hawaii, Inc., Civil No. 08-00314 JMS-LEK, 2010 WL 167954 at *3 (D. Haw. Jan. 15, 2010) *amended*, Civil No. 08-00314-JMS-LEK, 2010 WL 932007 (D. Haw. Mar. 8, 2010) (referencing Estate of Darulis, 401 F.3d at 1064). See also Costello v. Feaman, No. 4:10CV425RWS, 2010 WL 2985660 at *3 (E.D. Mo. July 26, 2010) (same conclusion); United States v. Jones, No. 11-CV-2869 (JFB), 2013 WL 6408639, at *3 (E.D.N.Y. Dec. 9, 2013) (same conclusion); Estrella v. P.R. Painting Corp., No. CV 06-0717(ADS)(AKT), 2006 WL 3359485 at *2 (E.D.N.Y. Nov. 20, 2006) ("refusing to waive service because of a belief that the complaint is unfounded [is] not good cause for failure to grant a waiver of service of process . . . ."); and Morales v. SI Diamond Tech., Inc., No. 98-8309-CSH, 1999 WL 144469, at *2 (S.D.N.Y. Mar. 17, 1999) (same conclusion).

Travelers' argument is disingenuous and is without merit. Travelers' objection is overruled.

TRAVELERS WAS NEVER SERVED

Travelers argues the court concluded that Travelers was never served with the summons and complaint. (Docket 59 at p. 2). It submits that the September 24, 2014, order concluded no service of process occurred on Travelers because its employee, Christine O'Brien, who was also an originally named

defendant had not been served. Id. at n.1. In the earlier order, the court never addressed whether Travelers had been served with a copy of the summons and complaint as required by Fed. R. Rule 4. Travelers was served on September 27, 2013. (Docket 9 at p. 28). Service was accomplished on "Pam Hoff, Service of Process Coordinator" at the Travelers' St. Paul, Minnesota, address. Id.

Travelers' argument is without merit. Travelers' objection is overruled.

TRAVELERS NEVER ACTUALLY RECEIVED THE WAIVER DOCUMENTS

Travelers argues Mr. Reints never "established receipt of a request to waive service . . . by mail." (Docket 59 at p. 2). Plaintiff's presentation of the attempted waiver of service process is convincing and there is no evidence to the contrary. The receipt indicates priority mail was sent to "New York NY 10017" by priority mail on September 9, 2013. (Docket 58-1). The city address on the receipt is the same city address as that on the letter to Mr. Spence, Executive Vice President and General Counsel of Travelers. (Docket 58-2). "The law presumes that correspondence properly addressed, stamped and mailed was received by the individual or entity to whom it was addressed." Iowa Lamb Corp. v. Kalene Industries, Inc., 871 F. Supp. 1149, 1153 (N.D. Iowa 1994) (referencing Rosenthal v. Walker, 111 U.S. 185, 193 (1884) ("The rule is well settled that if a letter properly directed is proved to have been either put into the post-office or delivered to the postman, it is presumed, from the known course of business in the post-office department, that it reached its destination at the regular time, and was received by the person to whom it was addressed.") (other

references omitted). "While the presumption is a rebuttable one it is a very strong presumption and can only be rebutted by specific facts and not by invoking another presumption." Arkansas Motor Coaches Ltd., Inc. v. Commissioner of Internal Revenue, 198 F.2d 189, 191 (8th Cir. 1952). Travelers has not submitted any evidence to rebut the mailbox rule.

Travelers' objection is overruled.

### MR. REINTS HAS NOT SHOWN PROOF OF POSTAGE PREPAID

Travelers argues Mr. Reints' affidavit and supporting documentation fail to prove he provided a postage prepaid envelope within which to return the waiver form. (Docket 59 at p. 2). By a supplemental affidavit Mr. Reints represents that a self-addressed, stamped envelope was included in the waiver packet mailed to Attorney Spence. (Docket 61 ¶ 1). Travelers did not file an affidavit in support of its argument or in response to Mr. Reints' sworn affidavit. Plaintiff's presentation of his compliance with the requirements of Rule 4(d) is convincing and there is no evidence to the contrary. Travelers' objection is overruled.

Rule 4(d) allows recovery of the costs of service of process. Plaintiff is entitled to recover "the expenses later incurred in making service." Fed. R. Civ. P. 4(d)(2)(A). There is no right under Rule 4(d) for a party to recover the costs of the original postage incurred in mailing the waiver packet. Travelers is obligated to pay to Mr. Reints the $85 expense incurred for service of process.

8

**CHRISTINE O'BRIEN**

Mr. Reints sent a letter dated September 13, 2013, to "Ms. Christine O'Brien[,] Technical Specialist[,] Naperville Claim Center[,] Travelers Insurance Companies, Inc." to the company's Naperville, Illinois, address. (Dockets 57 ¶ 3; 58-1 & 58-5 at p. 1). For purposes of this analysis, the documentation required by Rule 4(d) accompanied the letter. (Docket 58-5 at p. 2-8). When the waiver form was not returned, Mr. Reints sought to obtain service of process on Ms. O'Brien by serving the summons on "Caroline Fountain, Team Mgr." of "Travelers Insurance Companies, Inc.," on October 3, 2013. (Docket 58-6). Mr. Reints now seeks recovery of $65 incurred to complete service of process and $5.60 in postage for the waiver packet for a total of $70.60. (Dockets 57 ¶ 3 and 58 ¶ 4).

The waiver request was defective on its face as it was not mailed to Ms. O'Brien's home address. Fed. R. Civ. P. 4(d)(1)(A)(i). Even if the requirement of Rule 4(d)(1)(A)(i) was satisfied, the attempted substitute service of process did not comply with South Dakota law. "If the defendant cannot be found conveniently, service may be made by leaving a copy at his dwelling house in the presence of a member of his family over the age of fourteen years or if the defendant resides in the family of another, with a member of such age of the family with which he resides." SDCL § 15-6-4(e). Ms. O'Brien was never properly served and was never included as a defendant in these proceedings.

Mr. Reints' request is denied.

9

**CITY OF RAPID CITY DEFENDANTS**

Mr. Reints issued a letter dated September 13, 2013, to Joel Landeen, as City Attorney for the City of Rapid City, a waiver letter and packet for himself, individually and as the attorney for the city, and a waiver letter and packet for each of the twenty-five city employee defendants. (Dockets 57 ¶ 4; 58 ¶ 5; 66 ¶ 2 & 66-1 through 66-25). When the waiver forms were not received, Mr. Reints completed service of process. (Docket 9). Mr. Reints now seeks recovery of $302.10[4] from the defendants City of Rapid City, Mr. Landeen, Mr. Green, Mr. Nyberg, Mr. Solon and Mr. Chlebeck, and the former individually named defendants. (Dockets 57 ¶ 4 & 58 ¶¶ 6 & 7). Mr. Reints asserts he "acted in the conviction that Landeen, in the role of City Attorney, was duty-bound to convey them, along with the waiver request and the Complaint, to the individual defendants." (Docket 66 ¶ 3).

Defendants oppose Mr. Reints' motion on several grounds, summarized as follows:

1. The waiver packets were not addressed to the individual defendants' home addresses;

2. The City Attorney is not an authorized agent to receive service of process for the City;

3. Plaintiff did not seek Rule 4(d) waivers for service of the amended complaint.

(Docket 64 at pp. 2-3). Each objection will be separately addressed.

---

[4]Mr. Reints' motion (Docket 57 ¶ 4) seeks recovery of $330.30, but the amount confirmed by the returns of service (Dockets 9 & 51) total $302.10.

1. <u>THE WAVIER PACKETS WERE NOT ADDRESSED TO THE INDIVIDUAL DEFENDANTS' HOME ADDRESSES</u>

Defendants' first objection to assessment of service costs is meritorious. The waiver requests were defective on their face as they were not mailed to the individual defendants' and the former individually named defendants' home addresses. Fed. R. Civ. P. 4(d)(1)(A)(i). Mr. Reints argues the City Attorney "was ethically bound to deliver the waiver requests to the defendants or, in the alternative, to inform Reints that he was not in the role of attorney for defendants, which Landeen did not do." (Docket 65 ¶ 7). Rule 4(d) places no burden on an improperly noticed individual or entity to respond in any way. While the courtesy suggested by Mr. Reints could have been extended by the City Attorney, there was no legal obligation to do so. As to the individually named defendants and the former individually named defendants, Mr. Reints' motion for assessment of costs is denied.

2. <u>THE CITY ATTORNEY IS NOT AN AUTHORIZED AGENT TO RECEIVE SERVICE OF PROCESS FOR THE CITY</u>

To achieve assessment of service costs under Rule 4(d) against the City of Rapid City, Mr. Reints must strictly comply with Rule 4(j). As the court explained in its order of September 24, 2014, Rule "4(j) requires that a municipal corporation, such as the City, 'be served by: (A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons . . . on such a defendant.' " (Docket 47 at p. 17) (citing Fed. R. Civ. P. 4(j)(A) & (B)). "Under

South Dakota law, service of process is complete if served 'upon the mayor or any alderman . . . .' " Id. (citing SDCL § 15-6-4(d)(2)(ii)). Mr. Reints again relies on the admonishment he received from a state circuit court judge in earlier litigation. "Mr. Reints believes the lesson learned from that reprimand was 'that he must not serve the City or City employees and officers except through the City Attorney.' " Id. at p. 22. Mr. Reints again argues the City Attorney should have delivered the waiver packet to the appropriate authority or returned the packet to plaintiff. (Docket 65 ¶ 7). The City Attorney was under no obligation to extend that courtesy to Mr. Reints.

While plaintiff's effort constituted good cause for his failure to comply with Rule 4(m) by mailing the waiver of service packet to the City Attorney as opposed to the mayor, Mr. Reints failed to strictly comply with Rule 4(j). The process employed was defective and this defeats Mr. Reints' motion to recover the costs of service of process under Rule 4(d) against the City of Rapid City.

3. PLAINTIFF DID NOT SEEK RULE 4(d) WAIVER FOR SERVICE OF THE AMENDED COMPLAINT

Mr. Reints seeks recovery of $132.50 from the City of Rapid City and four of the individually named defendants for the costs of service of process of the amended complaint. (Dockets 51 & 57 at p. 4). As determined above, Mr. Reints did not comply with Rule 4(d) concerning the original summons and complaint. He did not cure that defect prior to completing service of process of the amended complaint. The defendants were never properly given notice under

12

Rule 4(d) of the opportunity to avoid the assessment of costs of service with regard to the amended complaint. Mr. Reints' motion is denied.

**ORDER**

Based on the above analysis, it is

ORDERED that plaintiff's motion (Docket 57) is granted in part and denied in part.

IT IS FURTHER ORDERED that The Travelers Companies, Inc., shall pay the sum of $85 to plaintiff John Reints within 21 days of the date of this order.

IT IS FURTHER ORDERED that plaintiff's motion as it relates to Christine O'Brien is denied.

IT IS FURTHER ORDERED that plaintiff's motion as it relates to the former individually named defendants associated with the City of Rapid City is denied.

IT IS FURTHER ORDERED that plaintiff's motion as it relates to the City of Rapid City is denied.

IT IS FURTHER ORDERED that plaintiff's motion as it relates to the present individually named defendants is denied.

Dated September 9, 2015.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE