UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| JOHN REINTS,<br><br>             Plaintiff,<br><br>vs.<br><br>CITY OF RAPID CITY, SOUTH DAKOTA; JASON GREEN, individually; BRAD SOLON, individually; JOEL LANDEEN, individually; WADE NYBERG, individually; ANDY CHLEBECK, individually,<br><br>             Defendants. | CIV. 13-5043-JLV<br><br>ORDER |

      Pending before the court is defendants' motion for a protective order. (Docket 106). Defendants seek a protective order pursuant to Fed. R. Civ. 26(c) to "prevent[] the Plaintiff, John Reints . . . from conducting any further discovery until such time as the Court makes a ruling on the Defendants' Motion for Summary Judgment, related to the statute of limitations and qualified immunity."  Id. at p. 1. Defendants claim "[a] protective order is warranted on the grounds that the Defendants are entitled to qualified immunity and further to protect the Defendants from the undue burden and expense of the Plaintiff's broad-reaching discovery."  Id.

      In support of their motion for a protective order, defendants include the five discovery requests made by Mr. Reints. (Dockets 108-1 through 108-5). Each of plaintiff's discovery requests include interrogatories pursuant to Fed. R. Civ. P. 33(b), requests for production of documents pursuant to Fed. R. Civ.

P. 34(b) and requests for admissions pursuant to Fed. R. Civ. 36(a).[1]  See, i.e., Docket 108-1 at pp. 1-2.

Plaintiff John Reints filed an affidavit in response to defendants' motion for a protective order and his own motion for additional time in light of surgery. (Docket 109).  With his submission, Mr. Reints filed ten exhibits.  (Dockets 109-1 through 109-10).  Mr. Reints subsequently filed a "partial reply brief," four affidavits and a "supplemental reply brief" in response to defendant's motion.[2]  (Dockets 112, 114, 115, 121 and 122).  Attached to plaintiff's fourth affidavit were 29 exhibits totaling 114 pages.  (Dockets 122-1 through 122-29). In between plaintiff's multiple filings, defendants filed a reply brief in support of their motion for a protective order.  (Docket 116).

On the same day as plaintiff's last filing, defendants filed a motion for summary judgment, an affidavit with 19 exhibits totaling 339 pages, a statement of undisputed material facts and a legal memorandum.  (Dockets

---

[1] Mr. Reints references the wrong rule but properly cites the content of Fed. R. Civ. P. 36(a).  See, i.e., Docket 108-1 at pp. 1-2.

[2] A number of Mr. Reints' affidavits addressed his motion for an extension of time to file a comprehensive brief in response to defendants' motion for a protective order.  See Dockets 109, 114, and 117.  Mr. Reints also filed a physician's report under seal.  (Docket 115).  Finally, Mr. Reints filed a notice outlining his efforts to obtain defendants' agreement to an extension of time to file his responsive brief.  (Docket 111).  Based on this record, the court finds good cause to grant plaintiff's motion.  (Docket 109).  Plaintiff's briefs, affidavit and supporting exhibits (Dockets 112, 121, 122 and 122-1 through 122-29) will be allowed as timely filed.

123, 126, 126-1 through 126-19, 127 and 128). Defendants' motion for summary judgment will be separately addressed later in this order.

On December 8, 2014, the court addressed the issues of qualified immunity and statute of limitations raised in defendants' answers to plaintiff's amended complaint. (Docket 63). By that order, the court stayed all discovery "except as may be necessary to properly present the dispositive immunity and statute of limitations defenses for resolution by appropriate motion under Rule 56 of the Federal Rules of Civil Procedure and D.S.D. Civ. LR 56.1." Id. at p. 3. After consideration of the parties' proposals regarding a limited discovery schedule (Dockets 67-69), the court entered a scheduling order. (Docket 70). The order established deadlines for the exchange of prediscovery disclosures pursuant to Fed. R. Civ. P. 26(a)(1), disclosure of experts and the submission of dispositive motions. Id. at pp. 2-4. The order permitted each party to serve "[a] maximum of twenty-five (25) interrogatories[]" and "a maximum of ten (10) depositions for each party, excluding depositions of experts." Id. ¶¶ 4 and 6.

The court subsequently granted continuances of the deadlines but maintained the other provisions of the scheduling order. See Dockets 73, 76, 80, 82 and 87. By the order of November 9, 2016, the court required that "[d]efendants' motion addressing dispositive immunity and statute of

limitations defenses for resolution by appropriate motion under Rule 56 . . . and D.S.D. Civ. LR 56.1, together with a supporting brief, shall be filed and served on or before April 21, 2017." (Docket 87 at p. 2) (bold omitted).

Before the expiration of the April 2017 deadline, the court granted another extension of all deadlines but maintained the other provisions of the original scheduling order. (Docket 89). Four additional extensions were granted over the course of the next 18 months. (Dockets 91, 96, 98 & 100). On April 10, 2019, the court granted the parties an eleventh extension of the deadlines since the February 2015 order. (Docket 105). The purpose of the order was to grant the parties' request to extend the discovery period by six weeks. Id. at p. 1.

Defendants were served with Mr. Reints' discovery related to Defendant Jason Green on January 28, 2019. (Docket 108-1 at p. 19). Mr. Green was asked to provide responses to 96 requests for admission, seven interrogatories and one request for production of documents. (Docket 108 at pp. 5-19). Defendants assert Mr. Green timely "provided answers and responses to the discovery, subject to any number of objections related to the statute of limitations." (Docket 107 at p. 10).

Concerning the other individuals, defendants assert the discovery to:

Andy Chlebeck is 43 pages long and contains 81 numbered paragraphs. Id. at p. 11 (referencing Docket 108-2);

Brad Solon is 48 pages long and contains 72 numbered paragraphs. Id. (referencing Docket 108-3);

4

> Joel Landeen is 70 pages long and contains 45 numbered paragraphs. Id. (referencing Docket 108-4); and
>
> Wade Nyberg is 24 pages long and contains 22 numbered paragraphs. Id. (referencing Docket 108-5).

Mr. Chlebeck's discovery requests were served on March 13, 2015. (Docket 108-2 at p. 16). He was asked to provide responses to 67 requests for admissions, 12 interrogatories and two requests for production of documents. Id. at pp. 5-16. Mr. Solon's discovery requests were served on April 12, 2019. (Docket 108-3 at p. 18). He was asked to provide responses to 64 requests for admissions, four interrogatories and three requests for production of documents. Id. at pp. 5-18. Mr. Landeen's discovery requests were served on April 13, 2015. (Docket 108-4 at p. 15). He was asked to provide responses to 45 requests for admission and four interrogatories. Id. at pp. 5-15. Mr. Nyberg's discovery requests were served on April 15, 2015. (Docket 108-5 at p. 11). He was asked to provide responses to 20 requests for admissions and two interrogatories. Id. at pp. 5-11.

While defendants assert Mr. Reints' discovery is lengthy, they fail to acknowledge that a significant number of the pages in each submission includes photographs or other documents for which an authentication admission is requested.[3] See Dockets 108-1 at pp. 21-52; 108-2 at pp. 17-43; 108-3 at pp. 19-48; 108-4 at pp. 16-70; and 108-5 at pp. 12-24.

---

[3]Defendants' reply brief asserts Mr. Reints' discovery is "burdensome." (Docket 116 at p. 4 n.2). The court finds this argument disingenuous.

Mr. Reints contends "[m]any of my discovery questions are . . . closely related to continuing-practice tolling the statute of limitations." (Docket 109 ¶ 12) (underlining omitted). Plaintiff contends it was defendants' "spoiliation [sic] and/or improper modification of evidence by Defendants . . . which tolls the statute of limitations." Id.

Mr. Reints' discovery as to Mr. Green and Mr. Chlebeck was served before the court granted Mr. Reints' unopposed motion for reconsideration of an earlier order denying an extension of the discovery deadline. (Dockets 103 & 105). Yet, defendants raised no objections to Mr. Reints' discovery requests until the present motion.[4]

It is disingenuous for the defendants to seek to block Mr. Reints' discovery when each of the previous continuances contemplated discovery associated with the two affirmative defenses: statute of limitations and qualified immunity. Mr. Reints' discovery seeks to make effective and efficient use of the requests for admissions under Rule 36(a). "The purpose of requests to admit pursuant to Rule 36 are to save parties from having to expend time and money proving facts which are readily ascertainable by the other party and not reasonably capable of dispute." Stormo v. City of Sioux Falls, No. 4:12-CV-04057, 2015 WL 4877504, at *1 (D.S.D. Aug. 14, 2015) (referencing

---

[4]Mr. Chlebeck's responses to the requests for admissions were due on or before April 14, 2019. Fed. R. Civ. P. 36(a)(3). The parties agreed defendants' responses would be due on or before April 23, 2019. (Docket 109-2 at pp. 9-10).

Johnson International Co. v. Jackson National Life Ins. Co., 812 F. Supp. 966, 987-88 (D.Neb. 1993), *aff'd in part and remanded on other grounds*, 19 F.3d 431 (8th Cir. 1994)).  Mr. Reints' requests for admissions are neither so complex nor compound as to defeat the purpose of Rule 36.  Each request is separately numbered or subdivided so that it will be clear "what is being admitted if one responds 'admit.' "  Sprint Communications Co. L.P. v. Native American Telecom, LLC, No. 4:10-cv-04110, 2015 WL 201243, at *8 (D.S.D. Jan. 14, 2015), *objections overruled sub nom*, at 2015 WL 1268299 (D.S.D. Mar. 19, 2015)).  Each document for which Mr. Reints seeks verification of authenticity is the subject of a separate request to admit.  Id.

In addition to the requests for admissions directed to each individual defendant, Mr. Reints propounded a varying number of interrogatories to each individual defendant.  All totaled, there are 29 interrogatories directed to the five individual defendants.  This number exceeds the 25 interrogatories authorized by the original scheduling order.  (Docket 70).  However, the parties agreed Mr. Reints would be permitted "to serve ten interrogatories, including subparts, on each Defendant."  (Docket 109-10).

Mr. Reints' discovery is both within the intent of the court's scheduling order and the spirit of Fed. R. Civ. P. 1, which encourages the efficient and cost-effective resolution of the issues before the court.  Because of delays caused by Mr. Reints' health and the court's need to resolve defendants' motion, Mr. Reints' discovery requests were not completed prior to the May 31,

2019, deadline for completion of all discovery. (Docket 105 ¶ 1). Mr. Reints requests an extension of six weeks following receipt of defendants' interrogatory answers and admissions responses to complete depositions. (Docket 121 ¶ 23). Mr. Reints filed a motion and affidavit pursuant to Fed. R. Civ. P. 56(d) in support of his request to defer consideration of defendants' motion for summary judgment. (Dockets 129 & 129-1). Mr. Reints must be allowed to complete discovery before he is required to respond to defendants' motion for summary judgment on the very issues the court initially bifurcated discovery.

The court is compelled by Fed. R. Civ. P. 1 to aggressively take control of the remainder of this case. At the October 2016 status hearing, the court admonished the parties that this case needs to be resolved. Any further delays caused by dilatory actions or objections interposed without legal merit will result in sanctions against the offending party. Fed. R. Civ. P. 1 and 37. The court intends to address defendants' motion for summary judgment based on the time frame set by this order. Accordingly, it is

ORDERED that defendants' motion for a protective order (Docket 106) is denied.

IT IS FURTHER ORDERED that plaintiff's Rule 56(d) motion (Docket 129) is granted.

IT IS FURTHER ORDERED that the individual defendants' responses to plaintiff's discovery requests shall be completed on or before **August 26,**

**2019**. Those responses shall be served on Mr. Reints but not filed with the court.

IT IS FURTHER ORDERED that plaintiff's motion to continue deadlines (Docket 109) is granted.

IT IS FURTHER ORDERED that plaintiff's depositions of the individuals identified in his submission (Docket 109-2 at pp. 2, 11 & 13) shall be completed on or before **September 19, 2019**.

IT IS FURTHER ORDERED that plaintiff's response to defendants' motion for summary judgment (Docket 123) shall be filed on or before **November 4, 2019**. Plaintiff's response must comply with D.S.D. Civ. LR 56.1.

IT IS FURTHER ORDERED that defendants' reply brief in support of their motion for summary judgment shall be filed within the timeframe mandated by D.S.D. Civ. LR 7.1(B).

IT IS FURTHER ORDERED that no further extensions of the deadlines established by this order will be granted.

IT IS FURTHER ORDERED that all other provisions of the court's scheduling order (Docket 70) remain in effect unless specifically changed.

Dated August 5, 2019.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE