| | |
|---|---|
| JOHN REINTS,<br><br>        Plaintiff,<br><br>  vs.<br><br>CITY OF RAPID CITY, SOUTH<br>DAKOTA; JASON GREEN, individually;<br>BRAD SOLON, individually;<br>JOEL LANDEEN, individually;<br>WADE NYBERG, individually;<br>ANDY CHLEBECK, individually,<br><br>        Defendants. | CIV. 13-5043-JLV<br><br>ORDER |

**INTRODUCTION**

United States Magistrate Judge Veronica L. Duffy filed a report and recommendation ("R&R").   (Docket 147).   Plaintiff John Reints filed objections to the R&R.   (Docket 148).   Defendants filed a response to plaintiff's objections.   (Docket 149).   For the reasons stated below, plaintiff's objections to the R&R are overruled.   The court adopts the R&R consistent with this order.   The facts underlying this lawsuit are set out in the R&R.   (Docket 147 at pp. 2-8).

**ANALYSIS**

Plaintiff's amended complaint asserts claims under 42 U.S.C. § 1983 and state law claims against the defendants.   (Docket 48).   The defendants filed their answers to plaintiff's complaint.   (Dockets 49 & 52-56).   Defendants

raise several affirmative defenses, including qualified immunity and statute of limitations.

Defendants filed a motion for summary judgment, together with an affidavit, 19 exhibits, a statement of undisputed material facts, and a legal memorandum. (Dockets 123, 126, 126-1 through 126-19, 127 & 128). Plaintiff filed an affidavit, four supplements to the affidavit, 69 exhibits, a statement of undisputed material facts, a response to defendants' statement of undisputed material facts, a legal memorandum in opposition to defendants' motion for summary judgment and a supplemental memorandum. (Dockets 132, 132-1through 132-8, 133, 134, 135, 135-1 through 135-15, 137, 137-1 through 137-8, 138, 138-1 through 138-16, 139, 139-1 through 139-19, 140, 144 and 144-1 through 144-11). Defendants filed a reply brief in support of summary judgment, an affidavit and eight exhibits. (Dockets 145, 146 & 146-1 through 146-8).

Pursuant to 28 U.S.C. § 636, defendants' motion for summary judgment was referred to Magistrate Judge Duffy. (Docket 143). The magistrate judge issued a R&R addressing defendants' motion. (Docket 147). The R&R recommended "that defendants' motion for summary judgment . . . be granted in its entirety and that Mr. Reints' amended complaint be dismissed with prejudice." Id. at p. 48. Mr. Reints timely filed objections to the R&R. (Docket 148). Pursuant to Fed. R. Civ. P. 72(b)(2) defendants timely filed a response to plaintiff's objections. (Docket 149). Mr. Reints filed a two-part

2

reply to defendants' response to plaintiff's objections.    (Dockets 151 & 152).

There is no provision in the Federal Rules of Civil Procedure or the court's local

rules authorizing the filing of a reply.   The court finds the filing to be out of

order, repetitious of plaintiff's objections and it will be disregarded.

Under the Federal Magistrate Act, 28 U.S.C. § 636(b)(1), if a party files

written objections to the magistrate judge's proposed findings and

recommendations, the district court is required to "make a de novo

determination of those portions of the report or specified proposed findings or

recommendations to which objection is made."   <u>Id.</u>   The court may "accept,

reject, or modify, in whole or in part, the findings or recommendations made by

the magistrate judge."   <u>Id.</u>

Plaintiff filed 61 objections to the R&R.   (Docket 148).   Many of

plaintiff's numbered objections are restatements of the procedural history of

this case which do not require resolution by the court.   Others are

inflammatory comments or derogatory arguments regarding the defendants,

their attorneys or the magistrate judge which the court finds to be of no

assistance in resolving plaintiff's objections under Section 636(b)(1).   The court

will group Mr. Reints' objections into the categories addressed in the R&R.

<u>STATUTE OF LIMITATIONS</u>

Mr. Reints' objection asserts the R&R "erroneously apply the three-year

statute of limitations to the time between separate, past acts of spoliation, as

controlling how far back a series of acts comprising a regular practice of

spoliation or any other continuing violation can go." (Docket 148 ¶ 23). He argues "[t]here is no such limitation." Id. Mr. Reints contends the R&R erred in failing to consider "Defendants 2007 and 2003 acts of spoliation of evidence and violations of Reints' procedural and substantive due process rights[.]" Id. ¶ 24 (referencing In re: Pre-Filled Propane Tank Antitrust Litigation, 860 F.3d 1059 (8th Cir. 2017); Brenner v. Local 514, United Brotherhood of Carpenters and Joiners of America, 927 F.2d 1283 (3d Cir. 1991)). Mr. Reints identifies several of what he labels as "the regular practice of spoliation of evidence" occurring in 2001, 2007 and 2010-11. Id. ¶ 25.

As the court determined in a previous order, "[s]ince neither 42 U.S.C. § 1983 or 42 U.S.C. § 1985 define the time within which suits thereunder must be brought, the court must look to the most applicable South Dakota statute of limitations to determine whether this action is barred." (Docket 63 at p. 2) (brackets omitted; citing Johnson v. Dailey, 479 F.2d 86, 88 (8th Cir. 1973)). "In South Dakota, a specific statute provides that civil rights actions must be brought within three years after the alleged constitutional deprivation occurred or the action will be barred." Id. (citing Bell v. Fowler, 99 F.3d 262, 266 (8th Cir. 1996) (citing S.D.C.L. § 15–2–15.2)). The R&R recognized the three-year statute of limitations in South Dakota. (Docket 147 at p. 12) (referencing S.D.C.L. § 15-2-15.2). Mr. Reints does not challenge this legal conclusion.

The R&R considered Mr. Reints' tolling of the statute of limitations argument.   Id. at p. 14.   The R&R recognized that the continuing tort theory may toll the statute of limitations.

> The reason a continuing tort suspends the running of the statute of limitations is that when no discrete occurrence in continually wrongful conduct can be singled out as the principal cause of the damage, the law regards the cumulative effect as actionable, and allows the limitations period to begin when the wrongful conduct ends.

Id. at pp. 14-15 (citing Brandt v. County of Pennington, 827 N.W.2d 871, 875 (S.D. 2013)).   To constitute a continuing tort, the R&R acknowledged the wrongful conduct must persist over time.   Id. at p. 14 (citing Brandt, 827 N.W.2d at 875).

The R&R found Mr. Reints' amended complaint did not allege "any violative acts took place between spring 2007 and early summer 2010."   Id. at p. 15 (referencing Docket 48 ¶¶ 68-69).   Mr. Reints' objection fails to identify any conduct, allegedly overlooked by the magistrate judge, which occurred during this critical time period.   See Docket 148 ¶ 25.   The antitrust case law cited by Mr. Reints is not helpful to the analysis in this § 1983 case.

The court adopts the magistrate judge's finding "that the city's allegedly violative behavior ceased for those three years—i.e. it was non-continuing." (Docket 147 at p. 15).    Because Mr. Reints fails to identify any alleged misconduct during the critical period, "the continuing tort theory does not apply[.]"   Id.   Brandt does not grant Mr. Reints the tolling of the statute of limitations which he seeks to invoke.   Mr. Reints' complaint was filed on June

7, 2013.   (Docket 1).   Only plaintiff's claims allegedly occurring on or after

June 7, 2010, remain viable in this litigation.   S.D.C.L. § 15-2-15.2.

Plaintiff's objections (Docket 148 ¶¶ 23-25) are overruled.

QUALIFIED IMMUNITY

"Qualified immunity is synonymous with good faith immunity in the

context of public employees."   (Docket 63 at p. 1) (referencing Harlow v.

Fitzgerald, 457 U.S. 800, 815 (1982); Sanders v. Sears, Roebuck & Co., 984

F.2d 972, 976 (8th Cir. 1993)).   "Qualified immunity protects government

officials from liability for civil damages insofar as their conduct does not violate

clearly established statutory or constitutional rights of which a reasonable

person would have known."   Id. (citing Sisney v. Reisch, 674 F.3d 839, 844

(8th Cir. 2012) (internal citations and quotation marks omitted). "[Q]ualified

immunity . . . is both a defense to liability and an entitlement not to stand trial

or to face the other burdens of litigation."   Id. at pp. 1-2 (citing Kendrick v.

Pope, 671 F.3d 686, 689 (8th Cir. 2012); referencing Angarita v. St. Louis

County, 981 F.2d 1537, 1548 (8th Cir. 1992) ("The doctrine of qualified

immunity aims to keep public officials out of the court.")).

The magistrate judge properly analyzed the law of qualified immunity.

(Docket 147 at pp. 15-18).   Plaintiff does not challenge this analysis.   (Docket

148 ¶¶ 43-53).

Mr. Reints challenges the application of qualified immunity to the

undisputed facts in this case.   Plaintiff's objections assert his "constitutional

right to pre-deprivation notice . . . was not diminished by the theoretical availability of post-deprivation remedies." Id. ¶ 43. The court will address this objection considering plaintiff's procedural due process claims. Those procedural due process claims, identified by the magistrate judge are:

1.  The removal of plaintiff's elm tree;

2.  The removal of his van from the front driveway;

3.  The abatement of snow and ice from plaintiff's sidewalk in early 2011;

4.  The August 12, 2012, abatement of too-tall grass from his yard; and

5.  The four unspecified notices of ordinance violations issued between August 2010 and the filing of plaintiff's amended complaint.

See Docket 147 at p. 20.

Plaintiff's objections to the R&R fail to address the assessments identified in subsections #3-#5. See Docket 148 ¶¶ 43-53. As to those procedural due process claims, the magistrate specifically found "Mr. Reints admits he was offered hearing on those property deprivations. He availed himself of one such hearing. He refused to attend a second hearing that was offered and scheduled by the city for him. As to the other four notices, he deliberately chose not to avail himself of his right to those hearings because of his conviction that the hearing board was biased." (Docket 147 at p. 21).

Because Mr. Reints did not file a specific objection to this portion of the R&R, he waived review by the court. See Fed. R. Civ. P. 72(b)(3) ("The district

court must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); Thomas v. Arn, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed. It did not preclude treating the failure to object as a procedural default, waiving the right to further consideration of any sort."); Griffini v. Mitchell, 31 F.3d 690, 692 (8th Cir. 1994) ("Appellant's failure to file any objections waived his right to de novo review by the district court of any portion of the report and recommendation of the magistrate judge as well as his right to appeal from the findings of fact contained therein."). The court is left with an obligation to analyze the R&R in light of Mr. Reints' specific objections to the removal of his tree and van.

The city ordinances at issue specifically require "serving notice of ordinance violations upon citizens via the United States Mail." (Docket 147 at p. 20. Mr. Reints acknowledges the city's compliance with the notice provision. "There is no dispute about the fact [the City of Rapid City] mailed, or caused to be mailed, post-card notices with 7-day appeal periods threatening these abatements." (Docket 148 ¶ 43). Plaintiff's argument is that "[b]oth [city officials] were aware that Reints was distant from Rapid City and would not receive these notices within 7 days. Both men knew that either one could inform Reints instantly about the notices by email." Id.

The undisputed material facts disclose plaintiff's friend, Mr. Kettering, checked Mr. Reints' "mail more than once a per week, likely two or three times per week, while Reints was gone and called Reints to notify him of anything important that was received."[1]  (Docket 127 ¶ 64).   Plaintiff does not dispute this statement of fact.   (Docket 133 ¶ 64).   Plaintiff's caveat to the statement is that Mr. Kettering "didn't open [Mr. Reints'] mail, though."  Id.

Plaintiff's caveat is misleading because the abatement notices were issued and mailed as post-cards.   (Docket 148 ¶ 43).   See the bottom half of Dockets 126-6 and 126-7.   Even if the abatement notices were contained in an envelope, Mr. Kettering had a power of attorney from Mr. Reints to handle his mail.   (Docket 126-19 at p. 10:17-21).[2]   Mr. Kettering testified that if he received a notice of abatement from the city, he called Mr. Reints immediately. (Docket 127 ¶ 65).

Mr. Reints asserts that because he directed the city officials to provide him with e-mail notice of the abatement notices, this constituted his "constitutional right to pre-deprivation notice[.]"   (Docket 148 ¶ 43) (Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950)).

---

[1]Mr. Kettering testified that "[d]uring the summer of 2010, I was looking after John Reints' house at 234 South Canyon Road, Rapid City, in his absence."   (Docket 48-2 at p. 1).

[2]The court references the page in CM/ECF as opposed to the page number of the transcript.

"The Due Process Clause of the Fourteenth Amendment requires that a [municipality], prior to taking an action affecting an interest in property, provide notice that is reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of that action." Kornblum v. St. Louis Count, Mo., 72 F.3d 661, 663 (8th Cir. 1995) (referencing Mennonite Bd. of Missions v. Adams, 462 U.S. 791, 795 (1982); Mullane, 339 U.S. at 314). "The general rule that emerges from the Mullane case is that notice by publication is not enough with respect to a person whose name and address are known or very easily ascertainable and whose legally protected interests are directly affected by the proceedings in question." Schroeder v. City of New York, 371 U.S. 208, 212-13 (1962) (referencing Mullane, 339 U.S. at 318) ('Where the names and post office addresses of those affected by a proceeding are at hand, the reasons disappear for resort to means less likely than the mails to apprise them of its pendency.").

"In general, procedural due process requires that a hearing before an impartial decision maker be provided at a meaningful time, and in a meaningful manner, prior to a governmental decision which deprives individuals of a . . . property interest." Samuels v. Meriwether, 94 F.3d 1163, 1166 (8th Cir. 1996) (referencing Mathews v. Eldridge, 424 U.S. 319, 332–33 (1976)). "[W]here a property owner is given written notice to abate a hazard on his . . . property and has been given an opportunity to appear before the proper municipal body considering condemnation of the property, no due process

10

violation occurs when the municipality abates the nuisance pursuant to the condemnation notice." Id. at 1166-67.

The court finds the city's ordinance giving property owners seven-days advance notice of an intent to abate a nuisance if not corrected by the property owner during the intervening period, and the right to a hearing during that intervening period, satisfied procedural due process. Samuels, 94 F.3d at 1166. Mr. Reints and his power of attorney, Mr. Kettering, received proper notice of the city's directive and intentions.[3]

Even were the court to find Mr. Reints was entitled to e-mail notification of the notices of abatement, the city employee's negligent failure to send the notices to the proper e-mail address would not constitute a procedural due process violation. When an employee's action is done outside of the established municipal policies and procedures, the "employee's acts do not violate 'the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available.'" Clark v. Kansas City Missouri School District, 375 F.3d 698, 702 (8th Cir. 2004) (citing Hudson v. Palmer, 468 U.S. 517, 533 (1984)). "This rule is premised on 'the [municipality's] action . . . not being complete until and

---

[3]The magistrate judge found that despite the seven-day abatement notices, the tree was not removed for approximately six weeks and the van was not removed until 20 days after the respective notices were issued. (Docket 147 at p. 21).

unless it provides or refuses to provide a suitable postdeprivation remedy." Id. (citing Hudson, 468 U.S. at 533; brackets omitted).

Like the State of Missouri in Clark, South Dakota's postdeprivation remedy for the recovery of personal property is a replevin action. (Docket 147 at p. 22) (referencing S.D.C.L. §§ 21-14-1 and Chap. 21-15). In a South Dakota replevin action, Mr. Reints could have obtained recovery of his van upon the filing of an affidavit and bond with the circuit court. S.D.C.L. §§ 21-15-2 & 21-15-4. Mr. Reints also could have sought money damages from Rapid City for the removal of the tree. S.D.C.L. § 21-1-1. These "state remedies" are "adequate to satisfy the requirements of due process." Clark, 375 F.3d at 703 (citing Parratt v. Taylor, 451 U.S. 527, 544 (1981)). The availability of further action within the state court system defeats plaintiff's claim. King v. City of Crestwood, Missouri, 899 F.3d 643, 650 (8th Cir. 2018). The magistrate judge properly considered the law applicable to procedural due process claims and correctly applied the law to Mr. Reints' case. (Docket 147 at pp. 19-24).

Plaintiff's objections (Docket 148 ¶¶ 29-30 and 32-34) are overruled.

SUBSTANTIVE DUE PROCESS

Plaintiff's objection to the R&R asserts none of the case law analyzed and applied by the magistrate judge "involved profound effects on their plaintiffs' personal security and ability to have a home." (Docket 148 ¶ 35). Mr. Reints' objection focuses on the magistrate judge's claimed failure to consider the

"imperative commands by an official to replace the entire roof of Reints' modest home, followed by the same official's pleading in court that 'no determination' that the roof had to be replaced was ever made."   Id.   Because of this, plaintiff asserts he "lived in fear for several years that Defendants would suddenly 'abate' his roof and impose a special assessment that would cause him to loose [sic] his home."   Id.

Mr. Solon's apparent threat that the roof on Mr. Reints' home needed to be replaced occurred in 2007.   (Docket 134 ¶¶ 11-14; see also Docket 48 ¶¶ 54-62).   The court already ruled it will not consider any of plaintiff's claims occurring beyond the three-year statute of limitations.   See supra at p. 6.   Plaintiff asserts no other objections to the R&R's analysis of his substantive due process claims.

The magistrate judge properly analyzed the law of substantive due process rights.   (Docket 147 at pp. 24-27).   "[T]he theory of substantive due process is properly reserved for truly egregious and extraordinary cases[.]" Chesterfield Development Corp. v. City of Chesterfield, 963 F.2d 1102, 1105 (8th Cir. 1992).   To constitute a substantive due process violation "a case must be so abusive as to be 'offensive to human dignity.'"   Azam v. City of Columbia Heights, 865 F.3d 980, 986 (8th Cir. 2017) (citing New v. City of Minneapolis, 792 F.2d 724, 726 (8th Cir. 1986)).   Even if the court were to adopt Mr. Reints' embellishment of the facts, which the court does not accept, his case does not rise to the level of being "offensive to human dignity."   Id.

Plaintiff's objection (Docket 148 ¶ 35) is overruled.

EQUAL PROTECTION CLAIM

Mr. Reints' objection asserts he is entitled to a "class of one" consideration of his equal protection claim. (Docket 148 ¶¶ 36-40). Plaintiff contends his successful defeat of the city's 2007 criminal prosecution entitles him to proceed as a "class of one." (Id. ¶ 36) (referencing Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000)). Mr. Reints asserts as a second justification for "his class-of-one claim is that Defendants have, as a regular practice during the years including 2007-2011, willfully and maliciously falsified evidence in relation to alleged ordinance violations at his home." Id. ¶ 39. Plaintiff includes the 2007 roof replacement issues as an additional basis for justification of his class-of-one status. Id. ¶ 40.

The magistrate judge considered Olech. (Docket 147 at pp. 30-31). The R&R concluded that Novotny v. Tripp County, South Dakota, 664 F.3d 1173 (8th Cir. 2011) prevents Mr. Reints from prevailing on his class-of-one claim.

> The issuance of ordinance violation notices to Mr. Reints was based on ordinances that are uniformly applicable and the decision to issue a notice to Mr. Reints is based on a number of subjective factors within the purview of the city's officials' discretionary authority. . . . Under such facts, the class-of-one theory does not apply. Mr. Reints has failed to otherwise demonstrate that others similarly situated to himself are treated differently.

(Docket 147 at pp. 32-33) (referencing Novotny, 664 F.3d at 1179).

The magistrate judge properly applied Novotny. "[A] class-of-one claim does not extend to cases where the rules are uniformly applicable and a [city]

14

official exercises his 'discretionary authority based on subjective, individualized determinations.' " Novotny, 664 F.3d at 1179 (citing Engquist v. Oregon Department of Agriculture, 553 U.S. 591, 602-03 (2008). Although Mr. Reints may have felt other citizens of Rapid City received better or different treatment than he did, the enforcement of the city's abatement ordinances "was based on a number of subjective facts within the purview of the [city] officials discretionary authority." Id. (referencing Engquist, 553 U.S. at 604).

Plaintiff's objections (Docket 148 ¶¶ 36-40) are overruled.

TAKING WITHOUT JUST COMPENSATION

Plaintiff objects to the R&R's conclusion that Mr. Reints waived any takings claim. (Docket 148 ¶ 42). Mr. Reints "asserts that he did not waive his takings claims, for the reasons set forth in his Plaintiff's Affidavit Concerning his Takings Claim[.]" Id. (italics omitted; referencing Docket 148-1). The objection contends plaintiff's takings claim specifically relate to his "living, front-yard tree and the taking from my driveway of my Plymouth minivan by Defendants." (Docket 148-1 ¶ 2).

The magistrate judge found Mr. Reints testified at his deposition that he was asserting only a due process Fifth Amendment claim. (Docket 147 at p. 35). The magistrate judge found that even though Mr. Reints reserved the right to read and sign his deposition and he did not do so, his deposition answer stands. Id.

Mr. Reints acknowledged he reserved the right to read and sign his deposition. (Docket 148-1 ¶ 6). He did not do so because, "[t]hough I planned to review the deposition for accuracy, an obligation to a friend intervened so that I never read or signed the deposition. Moreover, had I done so, I would not have been willing to try to falsify what I said at deposition." Id. (emphasis omitted).

The Federal Rules of Civil Procedure specifically permit a deponent to review and make changes to a deposition. "On request by the deponent . . . before the deposition is complete, the deponent must be allowed 30 days after being notified by the officer [court reporter] that the transcript . . . is available in which . . . to review the transcript . . . and . . . if there are changes in form or substances, to sign a statement listing the changes and reasons for making them." Fed. R. Civ. P. 30(e)(1)(A) & (B).

"While a court generally affords pro se filings a liberal construction, a litigant's pro se status does not excuse him from reading the Federal Rules of Civil Procedure." Jiricko v. Moser & Marsalek, P.C., 184 F.R.D. 611, 615 (E.D. Mo. 1999), aff'd, 187 F.3d 641 (8th Cir. 1999) (referencing McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

"[Mr. Reints] must be bound by his own testimony and admissions against interest." State Farm Mutual Automobile Ins. Co. v. Bonacci, 111 F.2d

16

412, 419 (8th Cir. 1940). See also Robe v. Allender, Civ. No. 09-5040, 2012 WL 704201, at *20 (D.S.D. March 4, 2012) ("[A] party cannot avoid summary judgment by contradicting his own earlier testimony.") (citing Prosser v. Ross, 70 F.3d 1005, 1008 (8th Cir. 1995) (citing Wilson v. Westinghouse Electric Corp., 838 F.2d 286, 289 (8th Cir. 1988) (citing Camfield Tires, Inc., v. Michelin Tire Corp., 719 F.2d 1361, 1365-66 (8th Cir. 1983).

The magistrate judge found Mr. Reints waived any right to assert a takings claim because his resistance to defendants' motion for summary judgment consisted of "a solitary sentence . . . . [and] Mr. Reints supplies no law or argument in support of his takings claim other than that one solitary sentence." (Docket 147 at p. 36) (referencing Docket 140 at p. 10 ¶ 14).

When this matter was referred to a magistrate judge, the parties were "required to present all of [their] arguments to the magistrate judge, lest they be waived." Ridenour v. Boehringer Ingelheim Pharm., Inc., 679 F.3d 1062, 1067 (8th Cir. 2012). The court finds Mr. Reints did "not present any separate meaningful argument on [this] constitutional contention[]." DRB No. 24, LLC v. City of Minneapolis, 774 F.3d 1185, 1190 n.5 (8th Cir. 2014). Mr. Reints waived consideration of his Fifth Amendment takings claim by failing to submit argument and case authority to support that claim. Id.

Plaintiff's objection (Docket 148 ¶ 42) is overruled.

MUNICIPAL LIABILITY

Mr. Reints' objection asserts "limited, additional discovery . . . is necessary . . . to establish which individuals have acted as policy makers."

17

(Docket 148 ¶ 56).   For this reason, he asserts "it is premature to find no municipal liability."   Id.

The magistrate judge "concluded that Mr. Reints has failed to show *any* constitutional violations.   Therefore, there can be no municipal liability based upon an alleged policy or custom designed to violate constitutional rights." (Docket 147 at p. 43) (italics in original).   The magistrate judge recommended granting defendants' motion to dismiss as to the city.   Id. at p. 44.

By an August 5, 2019, order the court granted Mr. Reints' motion to conduct addition Fed. R. Civ. P. 56(d) discovery prior to resolving defendants' motion for summary judgment.   (Docket 131 at p. 8).   The order compelled defendants to answer plaintiff's written discovery requests by August 26, 2019, and required plaintiff to complete the eight depositions he identified by September 19, 2019.   Id. at p. 9 (referencing Docket 109-2 at pp. 2, 11 & 13).

The court granted Mr. Reints the time he requested to conduct the additional discovery contemplated.   See Dockets 121 ¶ 23 and 131.   The court admonished the parties it "intends to address defendants' motion for summary judgment based on the time frame set by this order" and "that no further extensions of the deadlines established by this order will be granted." (Docket 131 at pp. 8-9).   Mr. Reints presented no cause, let alone good cause, showing he was unable to comply with the court's final discovery order.

Plaintiff's objection (Docket 148 ¶ 56) is overruled.

CIVIL CONSPIRACY

Mr. Reints' objection asserts "the individual Defendants' stonewalling in their interrogatory and admissions responses renders it premature to find no civil conspiracy on the basis of the [R&R]." Id. ¶ 57.

The magistrate judge found "Mr. Reints does not address his conspiracy counts in responding to defendants' summary judgment motion." (Docket 147 at p. 40) (referencing Dockets 140 & 141). Because of plaintiff's failure to brief those claims, the magistrate judge recommended the motion to dismiss should be granted as to counts six and eight of the amended complaint. Id.

As indicated earlier, the court compelled the defendants to complete their responses to plaintiff's written discovery requests by August 26, 2019. (Docket 131 at pp. 8-9). The order admonished the parties that "[a]ny further delays caused by dilatory actions or objections interposed without legal merit will result in sanctions against the offending party." Id. at p. 8 (referencing Fed. R. Civ. P. 1 and 37).

Plaintiff never filed a motion to compel defendants to comply with the court's discovery order. Fed. R. Civ. P. 37. The time for doing so expired. Mr. Reints presents no cause, let alone good cause, showing he was unable to timely file a motion to compel pursuant to Fed. R. Civ. P. 37.

Plaintiff's objection (Docket 148 ¶ 57) is overruled.

**ORDER**

Based on the above analysis, it is

ORDERED that plaintiff's objections (Docket 148) are overruled.

19

IT IS FURTHER ORDERED that the report and recommendation (Docket 147) is adopted in full.

IT IS FURTHER ORDERED that defendants' motion for summary judgment (Docket 123) is granted.

IT IS FURTHER ORDERED that plaintiff's amended complaint (Docket 48) is dismissed with prejudice.

Dated February 18, 2020.

BY THE COURT:

/s/ *Jeffrey L. Viken*

JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE